**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DEAN VINCENT, | Civil No. 04-43 (FLW) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| RONALD CATHEL, et al. |  |
| Respondents. |  |

**APPEARANCES:**

Dean Vincent, Pro Se
#214593
Southwoods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Robin A. Hamett
Assistant Prosecutor
Appeals Unit
Camden County Prosecutor's Office
Camden, New Jersey 08102
Attorney for Respondent

**WOLFSON, District Judge**

Petitioner, Dean Vincent, filed the within petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Respondent has filed an Answer. The Court has considered all submissions. For the reasons set forth below, the Petition will be denied.

**BACKGROUND**

1. <u>Factual Background</u>

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation:

> According to the State's evidence, after being away at a wedding, the victim, Anna Gonzalez, returned home with her son Juan at about 12:30 on the morning of December 23, 1991.  She changed into her nightgown and went downstairs to turn out the lights.  As she relaxed in her rocking chair, she noticed a stranger in her kitchen with a knife in his hand.  When she confronted him, he grabbed her by the hair, put the knife to her throat, and ordered her to disrobe.  The man forced her to the ground and demanded oral sex.  At that point, Juan came downstairs and the attacker forced him to the floor at knife point.  He then threatened to hurt the boy if the victim refused to comply with his demands.  The victim undressed and took the man's penis in her hand.  He immediately ejaculated.  The attacker then attempted vaginal intercourse.  After a few minutes, he ceased, folded his knife, and proceeded to leave by the kitchen door through which he entered.  The victim sustained several cut wounds during her ordeal.
>
> When the police arrived, shortly after they were called, the victim described her attacker as a white male, 5'9" to 6', with short blonde or brownish hair, and between twenty and twenty-five years of age.  She did not inform the police that the intruder had pimples on his face.
>
> During the next few days, the victim was unable to identify a suspect from police photo mug books, but did assist in the preparation of a composite sketch. Approximately two months later, on March 4, 1992, the detective assigned to the case saw defendant, who was at police headquarters on another matter, and believed he fit the description of the individual depicted in the composite sketch.  A photograph of defendant was taken and placed into an array of several other photos.

> The victim readily identified defendant as her assailant.  The photograph of defendant depicted him as clear complected.  It appears that a police photograph taken of defendant on February 1, 1991, showed him with an acne condition.  At the trial, the victim remained firm in her identification of defendant's face, even though his hair was longer than she had earlier described to the police.
>
> On cross-examination of the victim concerning the identification of defendant, she conceded that she had first described her attacker as clean complected with a few pimples, but acknowledged that, during trial preparation, she had told the assistant prosecutor that her attacker had pimples.  She did admit that defendant's pock marks were readily apparent as she saw him in the court room.
>
> The victim's son was unable to identify defendant as the assailant, but he did confirm the events that had taken place.
>
> Defendant elected not to testify at the trial.

(State v. Vincent, A-5352-95T4 (March 12, 1998), pp. 3-5).

2.   Procedural History

On June 11, 1991, a Camden County Grand Jury indicted Petitioner on twelve counts, including: attempted aggravated sexual assault, contrary to N.J.S.A. 2C:5-1; 2C:14-2a(4) (counts one and two); second degree burglary, contrary to N.J.S.A. 2C:18-2 (count three); terroristic threats, contrary to N.J.S.A. 2C:12-3 (count four); third degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4d (count five); fourth degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5d (count six); third degree criminal restraint, contrary to N.J.S.A. 2C:13-2a (count seven); third degree

3

criminal coercion, contrary to N.J.S.A. 2C:13-5a(1) (count eight); third degree aggravated sexual contact, contrary to N.J.S.A. 2C:14-3a (count nine); second degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(1) (count ten); third degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(2) (count eleven); and third degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(2) (count twelve).

From November 15, 1994 through November 17, 1994, Petitioner was tried by jury in Superior Court of New Jersey, Law Division, Camden County ("Law Division").  The jury found Petitioner guilty on counts one through nine, eleven and twelve, and not guilty on count ten.

On October 16, 1995, Petitioner was sentenced to an aggregate custodial sentence of 25 years.

On May 20, 1996, Petitioner filed his Notice of Appeal.  On June 3, 1996, the Superior Court of New Jersey, Appellate Division granted Petitioner's Motion to file his Appeal *Nunc Pro Tunc*.

On March 12, 1996, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction and sentence.

Petitioner thereafter petitioned the New Jersey Supreme Court for Certification, which was denied on June 16, 1998.

On February 15, 2000, Petitioner filed a Petition for Post-Conviction Relief ("PCR") in the trial court.  On June 26, 2000,

the trial court conducted an evidentiary hearing, and on that same day, denied Petitioner's request for PCR.  On July 24, 2000, the trial court issued an order codifying its June 26, 2000 decision.

On January 18, 2001, Petitioner filed a Notice of Appeal with the Superior Court of New Jersey, Appellate Division challenging the trial court's order denial of Petitioner's application for PCR.

On April 15, 2003, the Superior Court of New Jersey, Appellate Division affirmed the denial of PCR, relying substantially upon the reasons of denial as set forth by the trial court in its oral opinion of June 16, 2000.

On April 28, 2003, Petition filed a Motion to File Petition for Certification *Nunc Pro Tunc* and a Letter Petition for Certification to the New Jersey Supreme Court.  On September 4, 2003, the New Jersey Supreme Court granted Petitioner's Motion to File Petition for Certification *Nunc Pro Tunc*, but denied Petitioner's Letter Petition for Certification.

On January 16, 2003, Petitioner filed a Motion for Reduction of Sentence.  Petitioner's Motion was considered and denied that same day.

On June 25, 2003, Petition submitted a Notice of Appeal to the Superior Court of New Jersey, Appellate Division, challenging the trial court's denial of the Motion for Sentence Reduction.

At the time Respondent had filed its Answer, the appeal of the trial court's denial of the Motion for Sentence Reduction was still pending.

On December 29, 2003, Petition filed the instant Habeas Corpus Petition.

## DISCUSSION

**Petitioner's Claims.**

Petitioner asserts the following arguments for habeas relief:

1. Denial of Petitioner's request for a hearing under United States v. Wade, 300 U.S. 218 (1967).
2. Discovery Violation for failure to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963).
3. Denial of a fair trial because the trial prosecutor made impermissible comments during summation.
4. Ineffective assistance of trial counsel.

See Petition for Writ of Habeas Corpus.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## A. Petitioner's Writ of Habeas Corpus Has Not Been Timely Filed.

Respondent asserts the affirmative defense that the instant petition is time-barred. Specifically, Respondent argues that Petitioner's instant petition was filed 180 days in excess of the statutory deadline. Respondent argues that as a result, the instant petition should be procedurally barred.

28 U.S.C. § 2244 provides in relevant part that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State Court. The limitation period shall run from the latest of -
>
> (A) that date on which the judgment became final by the conclusion of direct review or the expiration of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"Pending" PCR's or other collateral reviews has been defined as follows:

> [a]n application is pending as long as the ordinary state collateral review process is 'in continuance' - - i.e. 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'

The time between the conclusion of direct review and the filing of the PCR motion is counted towards the one-year limitations

period embodied in § 2244.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)(section 2244(d) does not permit reinitiation of one-year limitations period that has ended before state PCR limitations period expired), cert. denied, 124 S. Ct. 328 (2003); Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001)(state court PCR petition timely filed after the expiration of one-year federal limitations period does not toll or reinitiate federal limitations period); Washington v. Byrd, No. CIV.A.00-6389, 2002 WL 461729 at *6 (E.D. Pa. March 22, 2002)(time spent "preparing" PCR motions does not toll one-year limitations period)(unpubl.); Powell v. Williams, 981 F. Supp. 1409, 1414 (D.N.M. 1997)(time between final judgment and commencement of state habeas proceedings is counted toward one-year limitations period); Hughes v. Irvin, 967 F. Supp. 775, 778 (E.D.N.Y. 1997)(time periods between various state PCR applications counts toward one-year limitations period).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), those individuals whose convictions became final prior to the enactment of the AEDPA must have filed any habeas corpus petitions by April 23, 1997.

Convictions become "final" at the conclusion of direct review or the expiration of the time for seeking such review. The expiration of the time for seeking review occurs when the United State Supreme Court denies the petition for writ of

certiorari or the time to file a petition for certiorari has expired. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998).

In the instant case, Petitioner's request for certification by the New Jersey Supreme Court was denied on June 16, 1998. Petitioner had ninety days to file a notice of petition for certiorari to the United States Supreme Court. The deadline for Petitioner to file his notice of petition was September 16, 1998. Petitioner failed to do so, and as such, his conviction became final on September 17, 1998.[1]

Petitioner had one year from September 17, 1998, or until September 17, 1999, to file for habeas corpus relief. Any PCR relief sought during that time would have tolled the § 2244 period of limitation. However, Petitioner did not file a petition for PCR or for any other collateral review until February 15, 2000. As such, no time was tolled, and Petitioner's deadline to file the instant petition remained September 17, 1999. Therefore, Petitioner's Writ for Habeas Corpus is untimely under 28 U.S.C. § 2244(d).

**B.   Equitable Tolling**

The Third Circuit has held that the one-year period of limitations in § 2244 functions as a statute of limitations, and as such, is subject to equitable tolling. See Miller v. New

---

[1] Because Petitioner's conviction did not become final until September 17, 1998, the April 23, 1997 AEDPA deadline does not apply.

Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies when "'the principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Id. (quoting Shendock v. Office of Workers' Compensation Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)); see also Schlueter v. Varner, 384 F.3d 69, 2004 WL 2035180 at *5 (3d Cir. Sept. 14, 2004)(stating that equitable tolling should only be applied in rare situations).  This "unfairness" occurs when the petitioner has "'in some extraordinary way . . . been prevented from asserting his or her rights.'"  Id. (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994)).  Equitable tolling, therefore, "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)); see also Williams v. Taylor, 2002 WL 1459530 at *3 (D. Del. July 3, 2002).

In the case at issue, Petitioner has not demonstrated any reason for his delay in filing the instant petition.  Additionally, Petitioner has not demonstrated that the delay in filing was because he had been misled or prevented from asserting his rights.  He has not asserted that he filed in the wrong

10

forum.  Equitable tolling should be applied sparingly, only when sound legal principles and the interest of justice demand so. See Jones, 195 F.3d at 159 (other citations omitted).  In this case, this Court holds that equitable tolling should not apply.

This Court concludes that the instant petition was not filed timely, and therefore must be procedurally dismissed for failure to comply with the mandates of the AEDPA, 28 U.S.C. § 2244. Although the time for filing the petition was statutorily tolled during the pendency of petitioner's post-conviction relief motion, the petition remains untimely because more than 365 days elapsed from the conclusion of his direct review to the time the petitioner filed his PCR motion and the instant petition.

**C.   Certificate of Appealability:  28 U.S.C. § 2253.**

Because the AEDPA would govern the conditions of an appeal from this decision by Petitioner, he is required to seek a certificate of appealability ("COA") to obtain Third Circuit review of this dismissal.  See Slack v. McDaniel, 529 U.S. 473, 482 (2000).  In Slack, the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. at 484. This two-part standard governs when the subject of a possible appeal would be the district court's procedural bar, and not the merits of the constitutional claims. See Walker v. Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

In determining whether jurists of reason would find it debatable whether the petition states a valid constitutional claim, nothing more than a "quick look" at the petition is required. See McNeil v. Snyder, CIV. A. 99-802-GMS, 2002 WL 398711 at *1 (D. Del. March 11, 2002)(citations omitted). The court should accept the allegations of the petition as true. See id. (citations omitted). A "quick look" at the petition demonstrates that reasonable jurists would conclude that the petition does not state valid constitutional claims.[2] Assuming, arguendo, that Petitioner does state a valid constitutional claim, reasonable jurists would find that this Court was correct in its ruling to dismiss the petition for failure to comply with the one-year limitations period of 28 U.S.C. § 2244(d). Thus, no

---

[2] Petitioner's arguments that he was denied a Wade hearing and was not provided exculpatory evidence prior to his trial fails to set forth a basis upon which habeas corpus relief can be granted. Petitioner's third claim alleging that the trial prosecutor made impermissible comments during summation is not supported by the record. Petitioner's final claim of ineffective assistance of counsel also appears to be without merit. Even if petitioner could demonstrate that counsel was ineffective, it does not appear that the petitioner can demonstrate that he was prejudiced by the ineffectiveness, or that the state court decisions were contrary to, or involved an unreasonable application of clearly established federal law, as required by 28 U.S.C. § 2254.

certificate of appealability shall issue pursuant to 28 U.S.C. § 2253.

## **CONCLUSION**

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as untimely. An appropriate Order accompanies this Opinion.

The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253 and Slack v. McDaniel, 529 U.S. 473 (2000).


                                    S/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge



Dated:   April 21, 2006


13